**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4592

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY DWIGHT JOYNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (CR-04-22)

Submitted: January 31, 2006      Decided: February 24, 2006

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Riley H. Ross, III, Assistant Federal Public Defender, Kurt J. Mayer, Frances H. Pratt, Research and Writing Attorneys, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, William D. Muhr, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Dwight Joyner pled guilty to possession of 161.7 grams of cocaine base (crack) with intent to distribute (Count One), and possession of 2316 grams of marijuana with intent to distribute (Count Two), in violation of 21 U.S.C. § 841(a) (2000). He was sentenced to concurrent terms of 221 months imprisonment on each count. Joyner appeals his sentence, arguing that the district court clearly erred in finding that he had not accepted responsibility for his criminal conduct, U.S. Sentencing Guidelines Manual § 3E1.1 (2004), and erred by imposing a sentence in excess of the five-year statutory maximum for Count Two. We affirm the sentence on Count One, but we vacate the sentence on Count Two and remand for imposition of a sixty-month sentence on Count Two.

Joyner was arrested in October 2003 after police conducting surveillance observed him make a suspected drug sale. Before he was apprehended, Joyner led the police on a high-speed chase, then fled his car, leaving his girlfriend, Tonya Glossin, behind. Glossin cooperated with police, surrendered a handgun that was in her purse, and consented to a search of the apartment she shared with Joyner. From the apartment, the officers recovered 161.7 grams of crack, 2316 grams of marijuana, $7000 in currency, and evidence of drug trafficking. Immediately after his arrest, Joyner admitted that the drugs in Glossin's apartment were his. However, in a second interview the next day, he told police that he

lived at another apartment he rented and knew Glossin only as a friend. He refused to discuss the drugs or money in Glossin's apartment. Following his guilty plea, Joyner was interviewed by the probation officer. Joyner denied having access to the gun, although he said he knew Glossin owned it. Glossin had told police that the gun was hers, but that Joyner had access to it. Joyner admitted that the drugs seized from Glossin's apartment were his, but refused to say whether the $7000 was his.

To calculate Joyner's base offense level, the probation officer converted the $7000 found in the apartment to another 1764 grams of marijuana. The total drug amount attributed to him was 3238.06 kilograms of marijuana equivalent, resulting in a recommended base offense level of 34 under USSG § 2D1.1. The probation officer recommended a two-level enhancement for possession of a firearm, USSG § 2D1.1(b)(1), to which Joyner objected, and a two-level adjustment for reckless endangerment during flight, USSG § 3C1.2.

At the sentencing hearing in May 2005, the district court sustained Joyner's objection to the firearm enhancement. Despite this ruling, the court later expressed skepticism about Joyner's statement regarding the firearm. The court determined that Joyner had not met his burden of affirmatively establishing that he had accepted responsibility, noting that there were "several instances where the Court believes he gave improper information to the

police, and his conduct is not consistent with accepting responsibility." The court's elimination of the two-level weapon enhancement reduced Joyner's offense level to 36 and reduced the advisory guideline range to 235-293 months. The court decided against a downward departure to offset the discrepacy between sentences for crack and cocaine offenses, as Joyner requested. However, the court departed downward under USSG § 5K2.23, p.s. (Discharged Terms of Imprisonment), and sentenced Joyner to a term of 221 months imprisonment on each count, to run concurrently.

A sentencing court must calculate the appropriate guideline range and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), before imposing a sentence. United States v. Booker, 543 U.S. 220 (2005); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The sentence must be "within the statutorily prescribed range and . . . reasonable." Hughes, 401 F.3d at 546-47 (citations omitted). If the court imposes a sentence outside the guideline range, it must state its reasons for doing so. Id. at 546. The district court's determination that a defendant has failed to demonstrate acceptance of responsibility is a factual finding reviewed for clear error. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999).

Application Note 1(a) to § 3E1.1 provides that the sentencing court should consider whether the defendant has

truthfully admitted "the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." Application Note 1(a) also advises that a defendant need not "volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain reduction," and "may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction . . . ." But "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id.

Joyner argues that he did not deny that the $7000 was his or that it was part of his drug activity because "he signed a statement of facts that acknowledged the money was a component of his intent to distribute."[*] Joyner points out that he pled guilty to both counts of the indictment and, in his first post-arrest statement, acknowledged that the drugs in Glossin's apartment were his. Joyner further contends that, because he was not charged with possession of drug proceeds or money laundering, the $7000 was

---

[*]The Statement of Facts stated that the police recovered crack and marijuana from Glossin's apartment, as well as "$7,000 in U.S. currency, packaging material, scales, and various items used to cook cocaine into crack." The Statement of Facts also stated that Joyner's intent to distribute would be proved in part by the presence of the money and other items.

"only relevant conduct to the offenses charged rather than conduct actually comprising those offenses."  However, the $7000 was treated as drug proceeds and used to calculate Joyner's base offense level.  It was thus relevant conduct that was part of the offenses of conviction, not additional relevant conduct that went beyond the offenses of conviction.  Consequently, Joyner could not refuse to acknowledge his ownership of the money and yet claim that he had truthfully admitted all the conduct that comprised the offense of conviction under § 3E1.1.  Moreover, despite his initial admission that the drugs in the apartment were his, Joyner sought to distance himself from both the drugs and the money in a second interview with police, and later refused to discuss either one.  We conclude that the district court did not clearly err in finding that Joyner had failed to demonstrate acceptance of responsibility.

Although Joyner did not object in the district court to the 221-month sentence imposed on Count Two, we agree with the parties that the sentence exceeds the five-year statutory maximum provided in 21 U.S.C. § 841(b)(1)(D) for offenses involving less than fifty kilograms of marijuana.  The sentence thus constitutes plain error, and warrants the exercise of our discretion to correct it.  See United States v. Olano, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or

public reputation of judicial proceedings); <u>United States v. Mackins</u>, 315 F.3d 399, 406 (4th Cir. 2003) (same).

We therefore affirm the sentence imposed by the district court on Count One. We vacate the sentence on Count Two and remand for the limited purpose of permitting the district court to impose a sentence of sixty months on Count Two. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>
